UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MAUREEN H.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. C21-1471-BAT

**ORDER REVERSING THE COMMISSIONER'S FINAL DECISION**

Plaintiff appeals the ALJ's decision finding her not disabled. She contends the ALJ misevaluated her severe impairments at step two, the medical opinion evidence, and her testimony, and consequently erred in determining her residual functional capacity ("RFC") assessment, and making step-five findings. Dkt. 14 at 1. For the reasons below, the Court REVERSES the Commissioner's final decision and REMANDS the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**DISCUSSION**

A.     **Step Two**

At step two, the ALJ found depression and anxiety are severe impairments. Tr. 12. Plaintiff argues the ALJ erroneously failed to address fetal alcohol syndrome, a learning disorder, and panic disorder at step two. Dkt. 14 at 2-5. The Commissioner argues there are no

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION - 1

diagnoses of record establishing fetal alcohol syndrome or learning disorder. Plaintiff argues her records mention she was diagnosed as a child with fetal alcohol syndrome with multiple learning disabilities. Documentation of an actual diagnosis is lacking, however, and thus the Court cannot say the contested conditions are medically determinable impairments. Additionally, Plaintiff testified she cannot work due to anxiety, not fetal alcohol syndrome or learning disorder. Tr. 43. Thus, there is nothing showing either condition significantly limits Plaintiff's ability to do basic work activities and is thus "severe." *See* 20 C.F.R. § 404.1520(c).

The ALJ also omitted panic disorder at step two. The ALJ subsequently addressed Plaintiff's panic-related symptoms and Plaintiff's anxiety which included panic type symptoms at times, thus did not harmfully err at step two. *See Buck v. Berryhill*, 869 F.3d 1040 (9th Cir. 2017)). The Court concludes Plaintiff fails to show the ALJ committed **harmful** step-two errors. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (burden of showing an error is harmful normally falls upon the party attacking the agency's determination.).

**B.    Medical Opinion Evidence**

In *Woods v. Kijakazi*, Case No. 21-35458, 2022 WL 1195334 (9th Cir. April 22, 2022), the Court of Appeals held that the regulations governing applications filed after March 27, 2017, supplant the hierarchy governing the weight an ALJ must give medical opinions and the requirement the ALJ provide specific and legitimate reasons to reject a treating doctor's opinion. Under the new regulations, the ALJ considers the persuasiveness of the medical opinion using five factors (supportability, consistency, relationship with claimant, specialization, and other), with supportability and consistency being the two most important factors. 20 C.F.R. §§ 404.1520c(b)(2), (c); 416.920c(b)(2), (c). Supportability means the extent to which a medical source supports the medical opinion by explaining the "relevant ... objective medical evidence."

20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). Consistency means the extent to which a medical opinion is "consistent ... with the evidence from other medical sources and nonmedical sources in the claim." 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). The agency must "articulate ... how persuasive" it finds "all of the medical opinions" from each doctor or other source, 20 C.F.R. §§ 404.1520c(b), 416.920c(b), and must explain how the ALJ considered the factors of supportability and consistency, 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). An ALJ cannot reject a doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. *Woods*, 2022 WL 1195334, at *6.

Plaintiff argues the ALJ erred in discounting several medical and other source opinions.

1. *Gail Efroymson, LCSW*

Ms. Efroymson treated Plaintiff. *See, e.g.*, Tr. 2319, 2321, 2373-74, 2375, 2388-89, 2390, 2416, 2418, 2424, 2425-26, 2432, 2433-34, 2440, 2441-42, 2448, 2450. The ALJ failed to discuss Ms. Efroymson's reports, a failure the Commissioner first argues is of no moment because an ALJ need not discuss "other medical evidence." Dkt. 18 at 9. The opinions and evidence from other sources, such as Ms. Efroymson, are important and must be evaluated by the ALJ. *See Garrison v. Colvin*, 759 F.3d 995, 1013–14 (9th Cir.2014) (ALJ erred by failing to recognize "other source that can provide evidence about the severity of a claimant's impairments and how it affects the claimant's ability to work"). The ALJ accordingly erred.

The error however is harmless. Ms. Efroymson treated Plaintiff for mental conditions but her reports contain nothing shedding new light on the severity of Plaintiff's condition. That is, she does not document something that elevates the severity of Plaintiff's condition and that is not found elsewhere and provided no opinions about Plaintiff's ability to perform work, which should have but was not addressed. Dkt. 18 at 9. The Court accordingly concludes the ALJ's

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION - 3

failure to discuss Ms. Efroymson's records is harmless.

    2.    *Dr. Darnell*

Dr. Darnell wrote an August 2020 letter the ALJ found partially persuasive. *See* Tr. 2371. The ALJ stated:

> Dr. Darnell does not offer a full functional assessment but opines that the claimant's symptoms are worsened by stress and impair her ability to do her prior work. Notably, nothing in Dr. Darnell's letter indicates that the claimant is unable to perform any work. She also noted that the claimant has had improvement in her symptoms and functioning with treatment. Though she does not offer a full functional assessment, Dr. Darnell's opinion that the claimant cannot return to her past work is supported by the treatment notes showing increased symptoms with increased stress and is consistent with the claimant's reports throughout the record. I have accommodated [] this opinion by limiting the claimant to only simple tasks with limited social contact so as to reduce her stress at work.

Tr. 17.

Plaintiff argues the ALJ erroneously failed to account for Dr. Darnell's opinion Plaintiff cannot work more than two hours per week, Dkt. 14 at 7. Dr. Darnell noted Plaintiff pursued part-time volunteer work as part of therapy, Tr. 2371, but "[Plaintiff] was able to tolerate the 2 hour [volunteer] shifts but not more")). The ALJ stated he accommodated Dr. Darnell's opinion by limiting the claimant to only simple tasks with limited social contact so as to reduce her stress at work. Tr. 17. But this is not consistent with Dr. Darnell's statement that Plaintiff "remains at home where exposure to stressors is limited" which indicates greater limitations than assessed in the RFC determination. Tr. 2371. Additionally, the RFC does not account for limitations on the amount of **time** Dr. Darnell opined Plaintiff could work. Dr. Darnell did not opine Plaintiff could work for more than two hours if placed in another job setting. Hence the ALJ's conclusion that Plaintiff could engage in work activity cannot be supported by Dr. Darnell's opinion letter. Further the ALJ agreed with Dr. Darnell that Plaintiff's symptoms increase with increased stress. There is nothing showing the jobs the ALJ found Plaintiff could perform were so stress free that

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION - 4

Plaintiff would be able to perform them on a full-time basis.

Plaintiff also argues ALJ erroneously discounted Dr. Darnell's opinion because Dr. Darnell mentioned Plaintiff "had improvement." Dr. Darnell's letter in no way suggests Plaintiff was improved to the point where she was able to work, and this is thus not a basis to discount the doctor's opinions.

3. Sara Silva, ARNP

Ms. Silva, Plaintiff's treating provider since 2019, wrote identical letters in August 2020 and December 2020 describing Plaintiff's treatment to date, and her symptoms and limitations. Tr. 2372, 2455. Ms. Silva stated Plaintiff

> is not capable of sustaining work-like activities on a consistent basis. I believe [Plaintiff's] disabilities listed above diminish her concentration and focus, impeding her ability to perform basic tasks of self-care and instrumental activities of daily living. Additionally, I believe [Plaintiff] would be absent from the workplace as often as once a week due to severity of depression, emotional dysregulation and social anxiety. I base my medical opinion on clinical observations of [Plaintiff] over the past 12 months in addition to collateral documentation over the past 3 years.

Tr. 2372, 2455. The ALJ found Ms. Silva's opinion was inconsistent with the record, which showed Plaintiff's symptoms improved with treatment and although they worsened with stress. The ALJ also indicated Plaintiff's low stress tolerance was accommodated by limiting her to simple work with limited social interaction. Tr. 17-18. The ALJ's finding is not supported by substantial evidence. The ALJ found Plaintiff has severe mental limitations that precluded prior work. The record shows Plaintiff has had significant mental health treatment over a number of years and her treating providers opined in 2020 Plaintiff had serious work limitations or could not work at all. The ALJ finds Plaintiff can work because she improved but the record does not show Plaintiff improved to the level the ALJ assessed. Further as noted above, there is nothing showing jobs that involve simple work with limited social interactions address or sufficiently

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION - 5

accommodate the limitations assessed by Dr. Darnell or Ms. Silva. The ALJ accordingly harmfully erred.

    4.    *State Agency Opinions*

A state agency psychological consultant opined Plaintiff was limited to performing simple, repetitive 1-4-step tasks with no interaction with the public or co-workers, with little to no changes in the work environment or duties. Tr. 79-80. Upon reconsideration, a state agency psychological consultant found Plaintiff capable of performing simple, repetitive tasks, with superficial social interaction and little to no changes in the work environment or duties. Tr. 91-92.

The ALJ found these opinions persuasive but indicated Plaintiff's RFC was less restrictive as to social interaction and adapting to change, based on evidence showing Plaintiff could interact appropriately with providers, peers in group therapy, and other people in the context of her volunteer work at a mental health clinic. Tr. 17. Substantial evidence does not support this finding. Dr. Darnell stated Plaintiff could do no more than 2 hours of volunteer work showing inability to engage in substantial gainful work, and that Plaintiff can engage with her doctors or participate in group therapy is not evidence of the ability to work.

**C.**    **Plaintiff's Testimony**

The ALJ rejected Plaintiff's testimony because after Plaintiff was psychiatrically hospitalized months before her onset date, her symptoms improved and stabilized to the point that her impairments were not disabling. Tr. 14-17. Plaintiff argues the ALJ's rationale is not clear and convincing and thus erroneous. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). Plaintiff contends the ALJ merely summarized the treatment records without explaining how those records undermine Plaintiff's testimony. Dkt. 14 at 13. In the decision, the ALJ

summarized the medical evidence and also stated:

> Overall, the longitudinal history of the treatment notes fail to support a finding of disabling impairment. The records show that the claimant suffered severe mental health impairment several months prior to the amended onset date and required a one-month inpatient hospitalization. Subsequently, the claimant has engaged in significant treatment and has reported improvement in her symptoms. She has been able to engage in some volunteer work and has repeatedly reported a desire to return to work as a peer counselor. While the claimant has reported an inability to take on more hours at her volunteer job due to an increase[] in her symptoms, she has also reported that she finds the work to be helpful. The claimant has consistently reported worsening in her mental health symptoms with stress and while the records support a finding that she would be unable to return to her past work, they do not support a finding that she is unable to do less demanding work. The bulk of the mental status evaluations throughout the record show the claimant to be alert, oriented, engaged, and cooperative with logical thoughts, intact attention, and no memory deficits. She is able to take public transportation to get around and gets along well with her providers and members of her group therapy classes. While the records support the need for some limitations and are consistent with a finding that the claimant can no longer do her past work, they do not support a finding of complete disability.

Tr. 16-17. This is not a clear and convincing explanation. The ALJ stated Plaintiff reported improvement in symptoms since being hospitalized which is a conclusory statement; noted she could not take more volunteer hours due to stress when Dr. Darnell opined she couldn't do more than two hours of volunteering due to stress; observed her mental status exams showed orientation, engagement, cooperation, intact attention and memory, though these findings do not measure Plaintiff's anxiety which she claims limits her; and found she gets along with her providers and group therapy and can take public transportation, although these are activities do not measure the impact of Plaintiff's mental health problems on her ability to work. The ALJ accordingly erred in discounting Plaintiff's testimony.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED,** and this case is **REMANDED** for further proceedings under sentence four of 42 U.S.C. § 405(g). On remand the

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION - 7

ALJ shall reassess the opinions and records of Dr. Darnell, Ms. Silva, the state agency doctors (Drs. Koehler and Gollogly) and Plaintiff's testimony, develop the record and redetermine RFC as needed, and proceed to the remaining steps of the disability evaluation process.

DATED this 13th day of May, 2022.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge